IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAMBRIDGE STRATEGICS, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:10-CV-2167-L** |
| v. | § | |
| | § | |
| **WILLIAM COOK, JR.,** and | § | |
| **THE CAMBRIDGE GROUP, INC.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Emergency Motion to Extend Temporary Restraining Order and/or Set Expedited Injunction Hearing, filed October 29, 2010. Plaintiff Cambridge Strategics, LLC ("Plaintiff") seeks extension of a temporary restraining order it contends was entered by the state court on October 27, 2010, or an expedited preliminary injunction hearing on or before November 10, 2010.

Plaintiff asserts that, before this case was removed, Associate Judge Snelson granted an oral temporary restraining order ("TRO") in state court at 6:30 p.m. on October 27, 2010, on a conference call with the parties in this case. Plaintiff concedes that Defendants William Cook, Jr. and The Cambridge Group, Inc. (collectively, "Defendants") removed the case to this court at 9:55 a.m. on October 28, 2010, and that Judge Snelson did not sign the TRO until 12:34 p.m. on October 28, 2010. Plaintiff argues that the TRO is in effect until November 10, 2010.

The court determines that the TRO entered by Judge Snelson is not in effect. Rules 680 and 683 of the Texas Rules of Civil Procedure make clear that such an order must be written and comply with the requirements of those rules. The written order was not entered by the state court until after

**Memorandum Opinion and Order – Page 1**

this civil action was removed to this court. "Removal of a case from state court to federal court ends the power of the state court to act." *E.D. Sys. Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982). Accordingly, the court considers Plaintiff's request as one for an expedited preliminary injunction hearing.

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiff must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

The court is not convinced that Plaintiff has established each of the four elements required before the court grants a temporary restraining order or preliminary injunction. While Plaintiff cites Rule 65 of the Federal Rules of Civil Procedure and incorporates its Original Verified Petition, it has not explained in its brief how each of the four elements has been met. Accordingly, the court **denies without prejudice** Plaintiff's Emergency Motion to Extend Temporary Restraining Order and/or Set Expedited Injunction Hearing. If Plaintiff desires to file a motion for preliminary

injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the court will set the hearing expeditiously consistent with its schedule.

**It is so ordered** this 3rd day of November, 2010.

Sam A. Lindsay
United States District Judge